

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GW EQUITY, LLC, | § |
| Plaintiff | § § § |
| v. | § § CAUSE NO. _____ |
| JOHN DOE, a.k.a. GWINSIDER@AOL.COM, GWINSIDER@AOL.COM, and JOHN DOES 2-20 | § § § § |
| Defendants | § § |

3-06CV-936-L

23 1152

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, GW Equity, LLC files this Plaintiff's Original Complaint against Defendants, John Doe a.k.a GWinsider@aol.com, GWinsider@aol.com, and John Does 2-20 on personal knowledge with respect to itself and its own acts, and on information and belief as to all other matters, and would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff GW Equity LLC is a limited liability company that is organized under the laws of the state of Delaware, with its principal place of business being in Dallas County, Texas.

2. Defendant, John Doe a.k.a. GWinsider@aol.com is an individual who was last known to be located in Virginia. Plaintiff has not yet discovered his or her true identity; however, the email that was sent by Defendants was traced to a server located in the state of Virginia.

dockets.Justia.com

3. Defendant, GWinsider@aol.com is an individual who was last known to be located in Virginia. Plaintiff has not yet discovered his or her true identity; however, the email that was sent by Defendants was traced to a server located in the state of Virginia.

4. Defendants John Does 2-20 have not yet been identified. Discovery may lead to details of their names and/or details of their actual participation. Plaintiff reserves the right to amend this complaint when the identities and/or actions taken by the John Doe Defendants have been revealed.

## II.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's misappropriation, breach of contract, defamation and Texas Theft Liability Act because the claims are so related to the claims within the Court's Original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III.

## **FACTS GIVING RISE TO THIS ACTION**

7.  Plaintiff is a company engaged in the practice of business valuations and mergers & acquisition activity for business sellers. Plaintiff prides itself on its reputation in the industry and its proven track record of providing quality services and having satisfied customers. Additionally, Plaintiff has developed goodwill in the business community and is considered a leader in this field. As such, Plaintiff tries to hire the most capable and talented employees and trains them to keep customer and employee contact information, including email addresses, confidential.

8.  In furtherance of its business, Plaintiff provides its independent contractors and employees with proprietary and confidential information, including, but not limited to, customer lists, customer email addresses, customer financial date, and employee email addresses.

9.  Plaintiff goes to great measures to protect its confidential and proprietary information. Indeed, each of its independent contractors and business analysts are required to sign a non-competition and non-disclosure agreement upon their employment with Plaintiff. The reason is straightforward – Plaintiff's employees and the independent contractors are provided with Plaintiff's confidential and proprietary information. Plaintiff has an obvious interest in keeping such information confidential.

10. These agreements contain specific provisions stating that the independent contractors and business analysts would not use or disclose confidential or proprietary information gained through their business relationships with Plaintiff.

11. Defendants wrongfully obtained Plaintiff's confidential customer list and customer email addresses, as well as employee email addresses and, on or about May 1, 2006, at 7:46 a.m., Defendants disseminated a defamatory email about Plaintiff to Plaintiff's customers and employees.

12. The email sent by Defendants contained statements that were false.

13. Defendants obviously conducted research in the composition of this email and therefore knew, or reasonably should have known, that the statements contained confidential and proprietary information and that such statements were false.

14. Defendants' publication of this email to Plaintiff's employees and customers caused Plaintiff damages in excess of the jurisdictional limits of this court.

## IV.

## CAUSES OF ACTION

### COUNT 1 - MISAPPROPRIATION OF TRADE SECRETS

15. Plaintiff incorporates by reference each of the foregoing paragraphs 1-14 as if fully set forth herein.

16. Defendants have misappropriated the confidential and proprietary information of Plaintiff in violation of Plaintiff's common law and statutory rights, as well as a potential violation of the terms of the Agreements.

17. Plaintiff's customer identity, customer contact information and email addresses were not known outside of Plaintiff's business nor were they generally known in the industry.

18. Plaintiff attempted to safeguard such information by not providing such information to non-employees and requiring that independent contractors and business analysts signed Non-Disclosure and Non-Compete Agreements.

19. Because Plaintiff neither authorized this email, nor knew who was responsible for its dissemination, it is a reasonable conclusion that Defendants acquired such information by improper means.

20. Defendants' misappropriation has caused harm and damages to Plaintiff in excess of the minimum jurisdictional limits of this Court, including, but not limited to, loss or impairment of investments in the goodwill of its customers.

21. Defendants' conduct was willful, intentional, wanton, and egregious. These actions demonstrate a high degree of moral turpitude justifying the imposition of exemplary or punitive damages in an amount to be determined at trial.

## COUNT 2 – DEFAMATION

### A. LIBEL

22. Plaintiff incorporates by reference each of the foregoing paragraphs 1-21 as if fully set forth herein.

23. Defendants published a statement via the internet in an email that was sent to select employees and customers of Plaintiff on May 1, 2006.

24. The email published by the Defendants directly referred to the Plaintiff. Specifically, GW Equity is named ten (10) times throughout the email.

25. The email published by the Defendants contained false statements. The email states, among other things, that GW Equity "…was created in an effort to steal potential clients…" and that GW Equity "…copied every possible aspect of RSM Equico's business model…" Several other false statements are also contained in this email.

26. Defendants acted intentionally in publishing this email.

27. Plaintiff suffered injury as a result of Defendants sending this email. The Plaintiff suffered injury to its reputation, in addition to pecuniary losses in excess of the jurisdictional limit of this court, after Defendants sent this email.

B. **BUSINESS DISPARAGEMENT**

28. Plaintiff incorporates by reference each of the foregoing paragraphs 1-27 as if fully set forth herein.

29. The email that was published by the Defendants directly referred to the Plaintiff. Specifically, GW Equity is named ten (10) times throughout the email.

30. The email published by the Defendants contained false statements. The email states that GW Equity "…was created in an effort to steal potential clients…" and that GW Equity "…copied every possible aspect of RSM Equico's business model…" Several other false statements are also contained in this email.

31. Defendants published this email with malice. The Defendants knew or reasonably should have known that the statements with the email were false; however, Defendants chose to publish those words without regard as to the falsity of those statements.

32. Defendants published this email without privilege. Plaintiff did not authorize the sending of this email. Furthermore, the Defendants were without privilege to send emails to Plaintiff's customers and employees.

33. The publication of this email by the Defendants caused special damages to the Plaintiff. Because of the publication of this email by the Defendants, Plaintiff has suffered pecuniary losses in an amount in excess of the minimum jurisdictional limits of this court. Such loss is directly attributable to the false communication published by the Defendants as after receipt of the email is when the loss occurred.

## COUNT 3 – TEXAS THEFT LIABILITY ACT

34. Plaintiff incorporates by reference each of the foregoing paragraphs 1-33 as if fully set forth herein.

35. Defendants' acts as alleged herein constitute a violation of the Texas Theft Liability Act, Chapter 134 of the Texas Civil Practice and Remedies Code, and is liable for the damages suffered by Plaintiff as a result of the unlawful theft.

36. Pursuant to that statute, Plaintiff is entitled to recover its damages, court costs, and attorneys' fees from Defendants.

## VI.

## PRAYER FOR RELIEF

37. For the foregoing reasons, Plaintiff respectfully prays that Defendants be served with process by publication and required to answer herein and that the Court enter final judgment in favor of Plaintiff and against the Defendants on all causes of action, and for the following relief:

(A) Actual Damages, in the maximum amount allowed by law;

(B) Exemplary Damages, in the maximum amount allowed by law;

(C) Prejudgment Interest, at the highest rate allowed by law;

(D) Post-Judgment Interest, at the highest rate allowed by law;

(E) Costs of Court;

(F) Reasonable attorneys fees and costs incurred by Plaintiff in pursuit and defense of this action pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001, and Tex. Bus. & Comm. Code § 15.51; and

(G) Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

MCCREARY & STOCKFORD, L.P.
18333 Preston Rd., Ste. 150
Dallas, Texas 75252
(214) 291-0800 telephone
(214) 291-0801 facsimile

*/s/ Kristen M. Pannell*

David S. McCreary
Texas Bar No. 00789477
Kristen M. Pannell
Texas Bar No. 24046580

ATTORNEYS FOR PLAINTIFF
GW EQUITY, LLC